UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABORERS PENSION TRUST FUND -
DETROIT & VICINITY, ET AL,

               Plaintiffs,                          Case No. 2:04-CV-72247

v.

                                              HONORABLE PAUL BORMAN
                                              MAGISTRATE JUDGE STEVEN D. PEPE

BAD BOYS ENTERPRISES, INC.,
BRISKEY BROTHERS CONSTRUCTION, INC.,
corporations incorporated under the
laws of the State of Michigan, and
ROBERT BRISKEY and RICHARD BRISKEY,

               Defendants.
_____/

## ORDER COMPELLING DISCOVERY

      Plaintiffs' Second Motion to Compel Discovery was heard in a telephonic hearing on September 6, 2005. For the reasons stated below, plaintiffs' motion is GRANTED.

      ERISA provides that "every employer shall, in accordance with regulations prescribed by the Secretary, maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." 29 U.S.C. § 1059(a)(1). Plaintiffs have asserted that defendants are required to contribute to their fringe benefit fund for work that was performed in certain geographical regions that they contend are subject to their collective bargaining agreement. They wish to complete an audit to determine the exact amount allegedly due. Defendants have asserted that, while they do not have documents that identify which employees completed their hours in which geographical region, they have produced to plaintiffs the records which indicate how many hours each employee worked. Defendants also acknowledge that the

1

geographical region information can be extrapolated from records still within their possession. Therefore, plaintiffs' motion is GRANTED, and it is ORDERED that defendants shall deliver to plaintiffs' accountant all of the books and records needed to complete the audit for the period of October, 2001 through the present.

On or before October 6, 2005, defendants shall deliver such records to plaintiffs' auditors, Stefansky Holloway & Nichols, Inc., at 32300 Northwestern Highway, Suite 208, Farmington Hills, Michigan 48334, telephone (248) 855-6770, and these documents shall specifically include information in sufficient detail to identify (a) which employees worked (b) how many hours at (c) which job locations and (d) where those job sites were located.

Defendants' failure to provide the requested information on or before October 6, 2005, will result in monetary and other sanctions being awarded to plaintiffs and against defendants. Sanctions may include a ruling that:

(1) the defendants bear the burden to come forward with evidence of the *precise* amount of work performed in the relevant geographical areas or with evidence sufficient to negate the reasonableness of the inference to be drawn from the plaintiff's audit evidence in order to avoid a finding that the employer violated its statutory record-keeping duty;

(2) defendants may not use any documents to attempt to satisfy its burden under subparagraph (1) that was not provided to plaintiffs in discovery; and

(3) a further finding that audit results, if not sufficiently rebutted, should be presumed accurate even if the auditor includes all of the hours worked within the relevant time-frame as being subject to the collective bargaining agreement for purposes of calculating the

2

amount of fringe benefit contribution that is due from defendants. *See Michigan Laborers' Health Care Fund v. Grinaldi*, 30 F.3d 692 (6th Cir. 1994).


Dated: September 8, 2005                              s/Steven D. Pepe_____
Ann Arbor, Michigan                                  United States Magistrate Judge


Certificate of Service

        I hereby certify that copies of this Order were served upon the attorneys of record by electronic means or U. S. Mail on September 08, 2005.

                                        s/William J. Barkholz\_\_\_\_
                                        Courtroom Deputy Clerk


3